UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBAN LUKAJ,

    Petitioner,

v.                                                                                          Case No. 3:19-cv-241-J-34MCR

KEVIN K. MCALEENAN, et al.,

    Respondents.
_____

## ORDER

    This matter is before the Court on Respondents' Motion for Reconsideration and to Vacate Order as Moot (Motion; Doc. 31), filed on November 5, 2019. In the Motion, Respondents move the Court to reconsider its October 8, 2019 order granting Petitioner Alban Lukaj's amended petition for writ of habeas corpus under § 2241 (Order; Doc. 28) due to a factual mistake that both parties failed to notice and of which the parties failed to apprise the Court. Lukaj filed a response. See Petitioner's Response to Respondents' Motion for Reconsideration and to Vacate Order as Moot (Response; Doc. 35). As the Motion was filed within twenty-eight days of the Order and has raised a substantive challenge to the Order, the Court will construe the Motion as if filed pursuant to Federal Rule of Civil Procedure 59. See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003); Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988).

    In the Order, the Court found that Lukaj's mandatory detention under 8 U.S.C. § 1226(c)(1) was an unreasonably prolonged period of time without a bond hearing such that it violated the Due Process Clause of the Fifth Amendment of the United States

Constitution. Order at 11-20. In making this finding, the Court analyzed a number of factors, including the fact that Respondents had detained Lukaj in a criminal institution for over fourteen months. Id. at 17-18. Notably, in their pleadings both parties asserted that Respondents detained Lukaj pursuant to § 1226(c)(1). See Docs. 8 at 7-17; 13 at 4, 7-18. To cure this constitutional error, the Court directed Respondents to give Lukaj an individualized bond hearing. Order at 19-20.

Respondents now move for reconsideration due to an alleged error in fact that counsel for both Lukaj and Respondents "failed to recognize." Motion at 1. Specifically, Respondents represent that Lukaj's detention under § 1226(c) ended on August 2, 2019, when the Board of Immigration Appeals affirmed Lukaj's final order of removal. Id. As such, since August 2, 2019, Lukaj had been detained pursuant to 8 U.S.C. § 1231(a)(6), not § 1226(c). Id. Accordingly, Respondents argue that Lukaj's amended petition for writ of habeas corpus under § 2241 (Amended Petition; Doc. 8) was rendered moot and should have been dismissed because Lukaj was no longer detained under § 1226(c). Id. at 6-9. Respondents contend that because Lukaj specifically argued his detention was unconstitutional pursuant to § 1226(c), the claims in the Amended Petition became moot as of August 2, 2019, when his removal order became final causing him to be detained pursuant to § 1231(a)(6) instead of § 1226(c). Id. at 7. According to Respondents, subsequent to that date, the on-going case or controversy alleged in the Amended Petition no longer existed. Id. Respondents note that Lukaj did not challenge any collateral consequences from his detention and the type of detention challenge raised in the Amended Petition is not callable of evading review. Id. at 8. Therefore, Respondents aver this case is not subject to any exceptions to the mootness doctrine and the Amended

Petition should have been dismissed. Id. Respondents alternatively contend that even if the Court were inclined to reconsider its Order by analyzing the constitutionality of Lukaj's detention under § 1231(a)(6), such an analysis would be premature because Lukaj has not yet been detained under § 1231 for six months, a requirement pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

In his Response, Lukaj contends that the Amended Petition was not "factually moot" because the Court could still grant effective relief, release from administrative detention. Response at 5. Lukaj alleges that Respondents "technical legal grounds" for arguing mootness are not supported by the operative facts because he is still being detained in violation of the United States Constitution. Id. at 6. According to Lukaj, if the court vacated the Order, he could still file a new habeas petition alleging unconstitutionally prolonged detention under § 1231, which would be based on identical facts and the same argument that his detention constitutes a violation of the Due Process Clause. Id. at 6-7. Lukaj maintains that a shift between pre-order and post-order detention, "which renders the same result under the Constitution cannot and should not be ruled significant enough to strip the court of jurisdiction because of mootness." Id. at 7. The shift in the statutory authority relied upon by Respondents to detain Lukaj does not, as he claims, moot his case because the same factual circumstances exist, his prolonged, unconstitutional detention. Id. at 10. Additionally, Lukaj asserts that his case represents an exception to the mootness doctrine because this action is capable of repetition yet evading review. Id. Should the Court vacate the Order, Lukaj argues in the alternative that he should be allowed an opportunity to brief the Court on this issue. Id. at 11.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Pursuant to Article III of the United States Constitution, federals courts have jurisdiction to consider active cases and controversies. U.S. CONST. art. III, § 2. "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir.1997)). Importantly, the issue of mootness is jurisdictional; therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. Nevertheless, there are exceptions to the mootness doctrine. If the action being challenged is capable of being repeated and evading review, then the action is not moot. Id. However, this exception only applies in exceptional situations, such as "when '(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving

4

the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" Id. (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir.1997)). Additionally, the existence of collateral consequences is also an exception to the doctrine of mootness. Carafas v. LaVallee, 391 U.S. 234, 237 (1968).

Initially, the Court finds Respondents have identified an error of fact, which substantially alters the Court's analysis of the Amended Petition and of the constitutionality of Lukaj's detention.[1] The Amended Petition raised constitutional issues as to his detention as authorized by § 1226(c)(1), not § 1231. These two sections apply to different types of detention, with different statutory requirements. Indeed, federal case law as to these two sections is divergent based on these statutory differences. Accordingly, the Court's analysis would have been different had the Court been advised of the true facts prior to entering the Order. As such, Respondents have presented a sufficient basis to invoke the Court's discretion under Rule 59. See Arthur, 500 F.3d at 1343.

The Court further finds that the claim raised in the Amended Petition was rendered moot prior to the entry of the Court's Order. At the time of filing of the Amended Petition, Respondents detained Lukaj pursuant to § 1226(c). Subsequent to the filing of the Amended Petition Lukaj's detention changed because the removal order became final. Therefore, this change in detention status rendered his claim under § 1226(c) moot and

---

[1] The Court observes that counsel for both parties failed to apprise the Court of the true posture of Lukaj's detention. While no doubt unintentional, this failure caused the needless expenditure of judicial resources and the issuance of what now amounts to an improper advisory opinion.

deprived the Court of the ability to grant Lukaj relief on the claim that his detention pursuant to § 1226(c) is unconstitutional. Additionally, the Court finds that the claim raised in the Amended Petition does not meet either of the exceptions to the mootness doctrine. Lukaj has not alleged any collateral consequences and the claim raised in the Amended Petition is not capable of evading review, as multiple courts have now addressed similar claims on the merits. See Borbot v. Warden Hudson County Corr. Facility, 906 F.3d 274, 278 (3rd Cir. 2018); Kabba v. Barr, 403 F. Supp. 3d 180 (W.D.N.Y. 2019) (holding petitioner's unreasonably prolonged detention of eighteen months under § 1226(c) violated due process and an individualized bond hearing was necessary); Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) (holding in class action suit that mandatory detention pursuant to § 1226(c) without a bond hearing would violate due process once detention became unreasonably prolonged).

The Court rejects Lukaj's contention that the change in detention status is merely a legal technicality. The change represents a substantive, indeed critical, change in the underlying facts supporting Lukaj's argument in his Amended Petition. Pursuant to § 1226(c)(1), the Attorney General is required to detain any alien who is inadmissible or deportable by reason of having committed enumerated criminal offenses after the alien has been released from criminal incarceration. This section provides only one exception that is not relevant to the case at bar. Detention without bond is mandated under § 1226 "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once the removal order is final, § 1231 requires the attorney general to remove the alien from the country within a period of ninety days. 8 U.S.C. § 1231(a); Zadvydas, 533 U.S. at 701. In Zadvydas, the United States Supreme Court concluded

6

that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. As such, "[a] six-month custodial period of time following the order of removal must have elapsed prior to the filing of a habeas petition challenging confinement under Zadvydas." Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n.3 (11th Cir. 2002)) (emphasis added). See also Aleman v. Jeff Sessions, No. 3:18-cv-1129-J-32JBT (M.D. Fla. Sept. 24, 2018); Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *1 (M.D. Fla. May 5, 2011) (unpublished) (recognizing Eleventh Circuit determined six-month period must have expired at time the petition raising Zadvydas claim is filed). Accordingly, in order for Lukaj to challenge his detention under § 1231, a six-month period of custodial detention must have elapsed. This is a significant factual difference between the detentions authorized by these two separate statutes, which fundamentally alters the Court's analysis of the constitutionality of Lukaj's detention.

The removal period begins under § 1231 on the latest of three possible triggering events: (1) the date the order of removal becomes administratively final; (2) if the removal order is reviewed by a court and the court orders a stay of removal, then the date of the court's final order starts the clock; or (3) if the alien is detained other than under an immigration process, then date the alien is released from detention. 8 U.S.C. § 1231(a)(1)(B). Here, Lukaj's final order of removal became final on August 2, 2019. See Doc. 20-1. Both parties represent that although Lukaj has appealed the order of removal to the Eleventh Circuit Court of Appeals, that court has not issued a stay of removal proceedings. Motion at 5; Response at 7. Accordingly, pursuant to § 1231(a)(1)(B), Lukaj's removal period began on August 2, 2019, the date the order of removal became

administratively final. As such, the six-month period of custodial detention under § 1231 has not elapsed and his § 1231 challenge appears to be premature and is not even pled in the Amended Petition. Because Lukaj is no longer detained in the manner alleged in the Amended Petition, the Court will not consider the constitutionality of Lukaj's current detention. See Zadvydas, 533 U.S. at 701. For these reasons, Respondents Motion is due to be granted, the Court's Order vacated, and Lukaj's Amended Petition dismissed as moot.[2] Because the Court was without jurisdiction at the time it entered the Order and because the Court now vacates the Order, counsel are cautioned against citing the Order for any purpose.

If Lukaj seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Lukaj "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

---

[2] The Court's ruling here does not foreclose Lukaj's ability to file a new habeas petition should he still be detained after the six-month detention period has elapsed.

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Respondents' Motion (Doc. 31) is **GRANTED**.

2. The Court's October 8, 2019 Order (Doc. 28) is **VACATED** and shall not be cited to any court for any purpose.

3. The Amended Petition (Doc. 8) is **DISMISSED as moot**.

4. The Preliminary Injunction Motion (Doc. 17) is **DENIED as moot**.

5. The Bail Motion (Doc. 9) is **DENIED as moot**.

6. The Clerk of the Court shall enter judgment dismissing without prejudice the Amended Petition and dismissing this case without prejudice. The Clerk of the Court is also directed to close this case and terminate any pending motions.

7. If Lukaj appeals the dismissal of the case, this Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of January, 2020.



MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: counsel of record